IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL KOLMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANS UNION LLC and GENERAL )<br>MOTORS FINANCIAL COMPANY, INC. )<br>(d/b/a GM Financial), )<br>)<br>Defendants. ) | **COMPLAINT** |

**NOW COMES** Michael Kolman ("Plaintiff"), through counsel, alleging the following:

## NATURE OF THE CASE

1. Plaintiff brings this consumer credit reporting action against Trans Union LLC ("Trans Union") and General Motors Financial Company, Inc. ("GM Financial") (collectively "Defendants") for, among other things, continuing to report information about Plaintiff that was previously determined to be inaccurate in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## PARTIES

4. Plaintiff is a citizen and resident of Wake County, North Carolina and is not an infant, incompetent, nor on active duty in the military service of the United States. Plaintiff is a

1

"consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Trans Union is a limited liability company organized and existing under and by virtue of the laws of Delaware with a registered office in Raleigh, North Carolina. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681(f) that is regularly engaged in the for-profit business of assembling, evaluating, and disbursing information concerning consumers.

6. GM Financial is a corporation organized and existing under the laws of Texas. GM Financial is a wholly-owned captive finance subsidiary of General Motors Company that provides automobile financing to consumers in North Carolina. GM Financial has and continues to furnish information about Plaintiff to Trans Union and is therefore a "furnisher" subject to the requirements of the FCRA.

7. Defendants' employees, affiliates, directors, agents, and attorneys act under their direction and supervision, and, are therefore responsible and/or vicariously liable for the actions of their employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theories of *respondeat superior,* actual or apparent agency*,* and/or the aided-in-the-agency-relation rule*.*

## **CHRONOLOGY**

8. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

9. On or about June 12, 2016, Plaintiff leased a vehicle through GM Financial for personal use ("Lease").

10. The Lease is identified by GM Financial as Account Number 171637205 ("Account").

11. The Lease was scheduled to end on September 12, 2019; however, Plaintiff traded the vehicle in on or about February 20, 2017.

12. On April 12, 2017, GM Financial sent Plaintiff a letter confirming that the Account had been

2

Case 5:18-cv-00300-BO   Document 1   Filed 06/26/18   Page 2 of 14

paid in full as of March 13, 2017 ("Payoff Confirmation Letter").

13. In or about April 2017, Plaintiff discovered that all three major consumer reporting agencies (Equifax, Experian, and Trans Union, collectively "CRAs") were inaccurately reporting the Account as at least 30 days past due ("Inaccurate Information").

14. On or about April 4, 2017, Plaintiff was advised by a GM Financial employee ("Nikki") that the inaccurate credit reporting was the credit bureaus' fault and that Plaintiff would need to dispute the Inaccurate Information with the credit bureaus.

15. In or about April 2017, Plaintiff disputed the Inaccurate Information with each of the CRAs ("First Dispute").

16. In or about April 2017, each of the CRAs and GM Financial investigated Plaintiff's First Dispute and determined that the Account was current and never late ("First Investigations").

17. On or about May 1, 2017, Plaintiff discovered that the Inaccurate Information was still reporting on his Trans Union credit report.

18. Upon information and belief, the Inaccurate Information continued to be reported on Plaintiff's Trans Union credit report because GM Financial failed to appropriately modify, delete, or permanently block the reporting of the Inaccurate Information and/or because Trans Union allowed the Inaccurate Information to be reinserted into Plaintiff's credit file without obtaining certification from GM Financial that the Inaccurate Information was complete and accurate or otherwise failing to follow reasonable procedures designed to prevent the reappearance of information found to be inaccurate. To the extent that Trans Union reinserted the Inaccurate Information into Plaintiff's credit file, Trans Union failed to provide Plaintiff with the written notice required by 15 U.S.C. § 1681i(a)(5)(B)(ii).

19. On or about May 1, 2017, Plaintiff disputed the Inaccurate Information with Trans Union

("Second Dispute").

20. On or about May 24, 2017, Trans Union and GM Financial investigated Plaintiff's Second Dispute and determined that the Account was current and never late ("Second Investigation").

21. On or about June 2, 2017, Plaintiff discovered that the Inaccurate Information was still reporting on his Trans Union credit report.

22. Upon information and belief, the Inaccurate Information continued to be reported on Plaintiff's Trans Union credit report because GM Financial failed to appropriately modify, delete, or permanently block the reporting of the Inaccurate Information and/or because Trans Union allowed the Inaccurate Information to be reinserted into Plaintiff's credit file without obtaining certification from GM Financial that the Inaccurate Information was complete and accurate or otherwise failing to follow reasonable procedures designed to prevent the reappearance of information found to be inaccurate. To the extent that Trans Union reinserted the Inaccurate Information into Plaintiff's credit file, Trans Union failed to provide Plaintiff with the written notice required by 15 U.S.C. § 1681i(a)(5)(B)(ii).

23. On or about June 2, 2017, Plaintiff disputed the Inaccurate Information with Trans Union ("Third Dispute").

24. On or about June 8, 2017, Trans Union and GM Financial investigated the Third Dispute determined that the Account was current and never late ("Third Investigation").

25. On or about June 17, 2017, Plaintiff discovered that the Inaccurate Information was still reporting on his Trans Union credit report.

26. Upon information and belief, the Inaccurate Information continued to be reported on Plaintiff's Trans Union credit report because GM Financial failed to appropriately modify, delete, or permanently block the reporting of the Inaccurate Information and/or because Trans Union

allowed the Inaccurate Information to be reinserted into Plaintiff's credit file without obtaining certification from GM Financial that the Inaccurate Information was complete and accurate or otherwise failing to follow reasonable procedures designed to prevent the reappearance of information found to be inaccurate. To the extent that Trans Union reinserted the Inaccurate Information into Plaintiff's credit file, Trans Union failed to provide Plaintiff with the written notice required by 15 U.S.C. § 1681i(a)(5)(B)(ii).

27. On or about August 2, 2017, Plaintiff disputed the Inaccurate Information with Trans Union ("Fourth Dispute").

28. On or about August 24, 2017, Trans Union and GM Financial investigated the Fourth Dispute and determined that the Account was current and never late ("Fourth Investigation").

29. On or about September 2, 2017, Plaintiff discovered that the Inaccurate Information was still reporting on his Trans Union credit report.

30. Upon information and belief, the Inaccurate Information continued to be reported on Plaintiff's Trans Union credit report because GM Financial failed to appropriately modify, delete, or permanently block the reporting of the Inaccurate Information and/or because Trans Union allowed the Inaccurate Information to be reinserted into Plaintiff's credit file without obtaining certification from GM Financial that the Inaccurate Information was complete and accurate or otherwise failing to follow reasonable procedures designed to prevent the reappearance of information found to be inaccurate. To the extent that Trans Union reinserted the Inaccurate Information into Plaintiff's credit file, Trans Union failed to provide Plaintiff with the written notice required by 15 U.S.C. § 1681i(a)(5)(B)(ii).

31. On or about September 2, 2017, Plaintiff disputed the Inaccurate Information with Trans Union ("Fifth Dispute").

32. On or about September 5, 2017, GM Financial sent correspondence to Plaintiff regarding the Inaccurate Information wherein GM Financial stated "[a]fter researching your dispute, we have determined the information was not accurate. . ."

33. On or about September 11, 2017, Plaintiff contacted GM Financial directly to dispute the Inaccurate Information. Plaintiff notified a GM Financial employee named "Brenda" that the reinsertion of the Inaccurate Information was a recurring issue. Brenda informed Plaintiff that she did not see a record indicating that there had been any follow up on his previous dispute with "Katie" and that another supervisor named "Regina" would request that Trans Union correct the account by September 11, 2017.

34. On or about September 13, 2017, the Inaccurate Information on Plaintiff's Trans Union credit report was a substantial factor in Synchrony Bank's decision not to extend credit to Plaintiff.

35. On or about September 15, 2017, GM Financial sent correspondence to Plaintiff regarding the Inaccurate Information indicating that Plaintiff's account was never late.

36. On or about September 19, 2017, Trans Union and GM Financial investigated the Fifth Dispute and determined that the Account was current and never late ("Fifth Investigation").

37. On or about October 1, 2017, Plaintiff discovered that the Inaccurate Information was still reporting on his Trans Union credit report.

38. Upon information and belief, the Inaccurate Information continued to be reported on Plaintiff's Trans Union credit report because GM Financial failed to appropriately modify, delete, or permanently block the reporting of the Inaccurate Information and/or because Trans Union allowed the Inaccurate Information to be reinserted into Plaintiff's credit file without obtaining certification from GM Financial that the Inaccurate Information was complete and accurate or otherwise failing to follow reasonable procedures designed to prevent the reappearance of

information found to be inaccurate. To the extent that Trans Union reinserted the Inaccurate Information into Plaintiff's credit file, Trans Union failed to provide Plaintiff with the written notice required by 15 U.S.C. § 1681i(a)(5)(B)(ii).

39. On or about October 1, 2017, Plaintiff disputed the Inaccurate Information with Trans Union ("Sixth Dispute").

40. On or about October 2, 2017, Plaintiff directly disputed the Inaccurate Information with GM Financial. This time he spoke to an employee named "Takana" before being transferred to a manager named "Bernard." Bernard informed Plaintiff that the issue had to be a problem caused by Trans Union because the other consumer reporting agencies were no longer reporting the Inaccurate Information.

41. On or about October 4, 2017, Plaintiff directly disputed the Inaccurate Information with GM Financial. This time he spoke with an employee named "Eric" who informed him that the Account was not reporting any late payments.

42. Upon information and belief, Defendants' maintain records, including scanned images, of every dispute Plaintiff submitted to Trans Union regarding the Inaccurate Information since April 2017 and those records of dispute are incorporated herein by reference ("Credit Disputes").

43. Upon information and belief, Trans Union received each of Plaintiff's Credit Disputes and forwarded them to GM Financial.

## **TRANS UNION'S VIOLATIONS OF THE FCRA**

44. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

45. The FCRA requires consumer reporting agencies like Trans Union to, *among other things*:

    a. Maintain procedures to assure maximum possible accuracy of the information it reports

about consumers;

b. Reasonably investigate information disputed by consumers;

c. Promptly delete disputed information that is found to be inaccurate, incomplete, or unverifiable based upon the results of an investigation;

d. Refrain from reinserting previously deleted information into a consumer's file or credit report unless the data furnisher certifies that the information is complete and accurate;

e. Refrain from reinserting previously deleted information into a consumer's file or credit report unless the consumer is notified in writing within five business days; and,

f. Maintain reasonable procedures designed to prevent the reinsertion of previously deleted information into a consumer's file or credit report.

46. Upon information and belief, Trans Union violated its duty under Section 1681e(b) of the FCRA by failing to adopt reasonable procedures to assure the maximum possible accuracy of information it reports about consumers like Plaintiff in that its procedures repeatedly allowed for reinsertion of previously deleted inaccurate information into Plaintiff's credit file and/or credit reports.

47. Upon information and belief, Trans Union violated its duty under Section 1681i(a)(5)(B)(i) of the FCRA by failing to obtain certification from GM Financial that the Inaccurate Information was complete and accurate or otherwise failing to follow reasonable procedures designed to prevent the reappearance of information found to be inaccurate prior to reinserting the Inaccurate Information into Plaintiff's credit file and/or credit reports.

48. Upon information and belief, Trans Union violated its duty under Section 1681i(a)(5)(B)(ii)-(iii) of the FCRA by, *among other things*, failing to provide Plaintiff with notice within five days that the Inaccurate Information was being reinserted into his credit file and/or credit

8

Case 5:18-cv-00300-BO   Document 1   Filed 06/26/18   Page 8 of 14

reports.

49. Upon information and belief, Trans Union violated its duty under Section 1681i(a)(5)(C) of the FCRA by failing to maintain reasonable procedures to prevent the reinsertion of previously disputed information into the credit files and or credit reports of consumers like Plaintiff.

50. Trans Union's breach of the foregoing duties under the FCRA were negligent and/or willful in that the statutory obligations are unambiguous and have been clearly articulated by regulatory agencies and courts across the country.

51. Trans Union's breach of the foregoing duties under the FCRA were negligent and/or willful in that Trans Union has been sued hundreds if not thousands of times for violations of the FCRA and Trans Union knows or should know of its obligations under the FCRA.

52. Trans Union's breach of the foregoing duties under the FCRA were negligent and/or willful in that Trans Union had actual knowledge that the Inaccurate Information was, in fact, inaccurate, as confirmed by each of the Credit Disputes and ensuing investigations, yet repeatedly allowed the Inaccurate Information to be reinserted into Plaintiff's credit file and/or credit reports.

53. All adverse actions taken against Plaintiff since April 2017 wherein the Inaccurate Information reported by Trans Union was a substantial factor for the decision, resulted from Trans Union's negligent and/or willful noncompliance with its duties under the FCRA described herein.

54. Trans Union's negligent and/or willful noncompliance with its duties under the FCRA described herein proximately caused actual harm to Plaintiff, including lost opportunities in the consumer credit market, emotional distress, and out-of-pocket expenses to be corroborated by witness testimony and other evidence at trial.

### **GM FINANCIAL'S VIOLATIONS OF THE FCRA**

55. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

56. The FCRA prohibits data furnishers like GM Financial from furnishing information about a consumer to a CRA if a consumer has disputed that information and it is, in fact, inaccurate.

57. When a consumer disputes credit information with a CRA, like Trans Union, Section 1681s-2(b) of the FCRA requires data furnishers like GM Financial to, *among other things*:

    a. Conduct an investigation with respect to the disputed information; and,

    b. As appropriate, promptly modify, delete, or permanently block the reporting of any disputed information found to be inaccurate, incomplete, or unverifiable in response to an investigation.

58. GM Financial's repeated oral and written assurances that the Account was current and never late are evidence that GM Financial knew or should have known that it was furnishing inaccurate, incomplete, or unverifiable information subsequent to the First Investigation.

59. Each subsequent Credit Dispute resulted from GM Financial's failure to appropriately modify, delete, or permanently block the reporting of the disputed Inaccurate Information after it was found to be inaccurate in violation of Section 1681s-2(b) of the FCRA.

60. All adverse actions taken against Plaintiff since April 2017 wherein the Inaccurate Information was a substantial factor in the decision, resulted from GM Financial's failure to appropriately modify, delete, or permanently block the disputed Inaccurate Information after it was found to be inaccurate in violation of Section 1681s-2(b) of the FCRA; including the adverse action taken by Synchrony Bank on or about September 13, 2017.

61. GM Financial's failure to appropriately modify, delete, or permanently block the disputed Inaccurate Information after it was found to be inaccurate proximately caused actual harm to Plaintiff, including lost opportunities in the consumer credit market, emotional distress, and out-of-pocket expenses to be corroborated through witness testimony and other evidence at

trial.

62. The requirements of 1681s-2(b) are unambiguously stated in the statutory text and have been clearly articulated by the FTC, CFPB, and courts across the country.

63. GM Financial has been sued dozens of times for violations of Section 1681s-2(b) and knew or should have known of its responsibilities under the Fair Credit Reporting Act.

64. GM Financial's repeated failures to comply with Section 1681s-2(b) of the FCRA as described herein, combined with its actual knowledge that the Account was current and never late, is evidence that GM Financial's violations of Section 1681s-2(b) were negligent and/or willful.

## COUNT I
**(Trans Union's Violations of 15 U.S.C. § 1681i)**

65. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

66. 15 U.S.C. § 1681n expressly creates civil liability under the FCRA for willful noncompliance with any requirement imposed by the FCRA with respect to any consumer.

67. 15 U.S.C. § 1681o expressly creates civil liability under the FCRA for negligent noncompliance with any requirement imposed by the FCRA with respect to any consumer.

68. Based upon the foregoing factual allegations, Trans Union is liable to Plaintiff for negligently, recklessly, or willfully violating Section 1681i of the FCRA by failing to:

   a. Maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of previously deleted inaccurate information.

   b. Refrain from reinserting previously deleted information into a consumer's file or credit report unless the data furnisher certifies that the information is complete and accurate;

   c. Refrain from reinserting previously deleted information into a consumer's file or credit report unless the consumer is notified in writing within five business days; and,

   d. Such further violations as may be determined through discovery and at trial.

69. As a proximate result, Plaintiff suffered actual damages, including but not limited to: loss of credit opportunities, damage to reputation, embarrassment, anxiety, frustration, and other mental and emotional distress.

70. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Trans Union pursuant to 15 U.S.C. § 1681n and/or § 1681o.

71. Trans Union's violations of the FCRA were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT II
### (Trans Union's Violations of 15 U.S.C. § 1681e(b))

72. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

73. Based upon the foregoing factual allegations, Trans Union is liable to Plaintiff for negligently, recklessly, or willfully violating Section 1681e(b) of the FCRA by failing to:

    a. Maintain procedures to assure maximum possible accuracy of the information it reports about consumers;

    b. Maintain reasonable procedures designed to prevent the reinsertion of previously deleted information into a consumer's file or credit report;

    c. Refrain from reinserting previously deleted information into a consumer's file or credit report unless the data furnisher certifies that the information is complete and accurate;

    d. Refrain from reinserting previously deleted information into a consumer's file or credit report unless the consumer is notified in writing within five business days; and,

    e. Such further violations as may be determined through discovery and at trial.

74. As a proximate result, Plaintiff suffered actual damages, including but not limited to: loss of credit opportunities, damage to reputation, embarrassment, anxiety, frustration, and other mental and emotional distress.

75. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Trans Union pursuant to 15 U.S.C. § 1681n and/or § 1681o.

76. Trans Union's violations of the FCRA were willful rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT III
### (GM Financial's Violations of 15 U.S.C. § 1681s-2(b))

77. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

78. Based upon the foregoing factual allegations, GM Financial is liable to Plaintiff for negligently, recklessly, or willfully violating the following requirements of the FCRA:

    a. Failing to appropriately modify, delete, or permanently block the reporting of information disputed by Plaintiff which was found to be inaccurate, incomplete, or unverifiable in violation of 15 U.S.C. § 1681s-2(b); and,

    b. Such further violations as may be determined through discovery and at trial.

79. Upon information and belief, GM Financial repeatedly reported the Inaccurate Information with actual knowledge of its inaccuracy.

80. Upon information and belief, GM Financial acted negligently and/or recklessly in failing to appropriately modify, delete, or permanently block the reporting of the Inaccurate Information after it had been investigated and determined to be inaccurate.

81. As a proximate result, Plaintiff suffered actual damages, including but not limited to: loss of credit opportunities, out-of-pocket expenses, damage to reputation, embarrassment, frustration, and other mental and emotional distress to be corroborated at trial through witness testimony and other evidence.

82. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from GM Financial pursuant to 15 U.S.C. § 1681n and/or § 1681o.

83. GM Financial's violations of the FCRA were willful rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

   **WHEREFORE**, Plaintiff prays the Court for judgment as set forth below:

1. That Plaintiff have and recover actual and statutory damages arising out of Counts I-II against Trans Union pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o;

2. That Plaintiff have and recover actual and statutory damages arising out of Count III against GM Financial pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o;

3. That Plaintiff recover punitive damages arising out of Counts I-III from Defendants, or any of them, pursuant to 15 U.S.C. § 1681n;

4. That Plaintiff recover reasonable attorneys' fees from Defendants, or any of them, incurred in this matter pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, or any applicable statute;

5. That the costs of this action be taxed to Defendants, or any of them;

6. For a trial by jury on all issues so triable; and,

7. For such other and further relief as the Court deems just and proper.

   Respectfully submitted, this the 26th day of June, 2018.

        **MAGINNIS LAW, PLLC**
        *Counsel for Plaintiff*

    BY: /s/ Asa C. Edwards
       ASA C. EDWARDS IV
       N.C. State Bar No. 46000
       4801 Glenwood Avenue, Suite 310
       Raleigh, North Carolina 27612
       Telephone: 919.526.0450
       Fax:   919.882.8763
       aedwards@maginnislaw.com