IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-300-BO

| | |
|---|---|
| MICHAEL KOLMAN,<br>    Plaintiff, | )<br>)<br>) |
| V. | )    O R D E R<br>) |
| GENERAL MOTORS FINANCIAL COMPANY,<br>INC. (d/b/a GM Financial) and TRANS UNION<br>LLC, | )<br>)<br>)<br>) |
|     Defendants. | )<br>) |

This matter is before the Court on defendant GM Financial's motion to compel arbitration and stay litigation [DE 18] and defendant Trans Union LLC's motion to stay [DE 22]. The motions are ripe for disposition. For the following reasons, defendant GM Financial's motion to compel and stay [DE 18] is GRANTED and defendant Trans Union's motion to stay [DE 22] is GRANTED.

## BACKGROUND

In June 2016, plaintiff leased a Chevy Cruze from defendant GM Financial. [DE 1 at ¶ 9]. In February 2017, plaintiff traded in the vehicle. *Id.* ¶ 11. Plaintiff claims that his account was fully paid as of March 2017. *Id.* ¶ 12. Plaintiff alleges that defendant Trans Union, a credit reporting agency, inaccurately reported that he was thirty days past due on his lease payments. *Id.* ¶ 13. Plaintiff further claims that he disputed defendants' reporting of his lease account on six occasions, but the allegedly inaccurate reports continued. *Id.* ¶¶ 15–39.

In June 2018, plaintiff brought the instant action against defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* [DE 1]. In particular, plaintiff alleges that

defendant GM Financial violated Section 1681s-2(b) by failing to correct inaccurate information about plaintiff's account. *Id.* ¶¶ 55–64. Plaintiff alleges that defendant Trans Union violated Sections 1681e and 1681i by "failing to adopt reasonable procedures to assure the maximum possible accuracy of information it reports" and failing to take appropriate steps to confirm that the reporting of plaintiff's account was accurate. *Id.* ¶¶ 44–54.

In November 2018, GM Financial moved to compel arbitration and stay litigation, arguing that plaintiff's lease agreement contained a binding arbitration provision applicable to this dispute and that litigation should be stayed while the dispute is arbitrated. [DE 18]. Plaintiff did not respond in opposition and the time for doing so has passed. Trans Union also moved to stay litigation, arguing that significant factual overlap exists between the subject of the arbitration and the claims against the two defendants. [DE 22]. Plaintiff responded in opposition, arguing that the stay would not prevent confusion or inconsistent results and that Trans Union had not provided sufficient reason for a stay. [DE 27].

## DISCUSSION

### I. Motion to Compel

The Court must first determine whether arbitration is appropriate before considering whether to stay the litigation. The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, governs the resolution of private disputes through arbitration. *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). Section 2 of the FAA provides that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2; *see also Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629–30 (2009) (construing 9 U.S.C. § 2 as making written arbitration agreements binding unless the underlying contract is otherwise void).

2

The "question of arbitrability" is to be decided by the court unless the parties clearly and unmistakably provide otherwise. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986). Courts have "no choice but to grant a motion to compel arbitration where a valid arbitration clause exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (citation omitted). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983). Accordingly, disagreements related to the scope of arbitration are resolved in favor of arbitration. *AT&T*, 475 U.S. at 650; *Moses H. Cone*, 460 U.S. at 24–25 ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). Broad, general, and vague agreements will not meet the clear-and-unmistakable standard imposed on arbitration agreements. *See AT&T*, 475 U.S. at 645 (holding that the clause committing all "differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder" did not permit the arbitrator to determine arbitrability issues).

The lease agreement that plaintiff signed in June 2016 contains an arbitration provision which covers:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, lease or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease).

[DE 18-1, p. 2]. The language of the arbitration provision is clear and unmistakable and demonstrates the parties' intent to submit their covered disputes to arbitration. The arbitration

3

provision is also broad enough to apply to the Fair Credit Reporting Act claims that plaintiff alleges. Plaintiff has not filed any response in opposition to GM Financial's motion to compel arbitration. Accordingly, arbitration is appropriate, and the Court will submit plaintiff's claims against GM Financial to binding arbitration.

II. Motions to Stay

Both GM Financial and Trans Union have moved to stay the litigation pending arbitration. Plaintiff has filed a response in opposition to the stay of his claims against Trans Union, but not in opposition to the stay of his claims against GM Financial.

First, plaintiff's claims against GM Financial should be stayed. When a valid arbitration agreement requires a dispute to be submitted to binding arbitration, a court should generally stay the litigation "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. As plaintiff's claims against GM Financial must be submitted to binding arbitration, and plaintiff has not filed any response in opposition to GM Financial's motion, a stay of proceedings against GM Financial is appropriate.

Second, plaintiff's claims against Trans Union should also be stayed. Courts also have the discretion to stay the litigation of related but non-arbitrable claims. *Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 97 (4th Cir. 1996). Courts must weigh the potential harm to the plaintiff against "considerations of judicial economy and avoidance of confusion and possible inconsistent results." *Am. Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 964 (4th Cir. 1980). While plaintiff has an interest in a timely resolution of this matter, the Court is persuaded that interests of efficiency and fairness outweigh any potential harm that plaintiff will suffer as a result of a delay pending arbitration. Plaintiff's claims against both GM Financial and Trans Union centrally depend on whether the information reported about his account was accurate, whether and to what extent plaintiff suffered damages, and whether the allegedly

4

inaccurate reporting resulted in unfavorable credit decisions, among other factual issues. Allowing plaintiff's claims against Trans Union to proceed parallel to the arbitration of plaintiff's claims against GM Financial would be duplicative and would raise serious risks of inconsistent findings. Staying plaintiff's claims against Trans Union until an arbitration decision is made would do only limited harm to plaintiff, and that harm is outweighed by the corresponding benefits the stay would have on judicial economy, avoidance of confusion, and possible inconsistent results. As such, the action will be stayed until an arbitration decision is made.

## CONCLUSION

For these reasons, defendant GM Financial's motion to compel arbitration and stay litigation [DE 18] is GRANTED and defendant Trans Union LLC's motion to stay [DE 22] is GRANTED. This action is hereby STAYED in favor of arbitration proceedings pursuant to 9 U.S.C. § 3. In light of the stay, the clerk is DIRECTED to remove this matter from the Court's active docket. The parties are ORDERED to notify the Court within fourteen days of the conclusion of arbitration as to the result of arbitration and whether any claims or issues remain for this Court to resolve.

SO ORDERED, this 17 day of December, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE